Woodmont Corporation v. Commissioner.
Woodmont Corp. v. Commissioner
Docket No. 3675.
United States Tax Court
1946 Tax Ct. Memo LEXIS 218; 5 T.C.M. (CCH) 291; T.C.M. (RIA) 46085; April 12, 1946
John McCullough, Esq., for the petitioner. A. J. Friedman, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Respondent has determined deficiencies in income tax for the years 1939, 1940, and 1941 in the respective amounts of $5,565.19; $4,731.13, and $10,166.01; total $20,462.33. Petitioner filed its returns with the collector for the district of Michigan. In determining the deficiencies for 1939 and 1941 respondent made certain adjustments which are not contested. Respondent has determined that the basis to petitioner of certain property was the fair market value of the property on January 23, 1939, the date of acquisition under a reorganization under section 77-B of the Bankruptcy Act as amended, rather than the cost of the property in the hands of the transferor. As *219 a result of that determination, which reduced the basis of the property, respondent has not allowed petitioner deductions for depreciation of the property in 1939, 1940, and 1941, in amounts which were claimed on the income tax returns of the petitioner. He has allowed parts of the amounts of the allowances for depreciation which were claimed; he has disallowed $112,761.40 in 1939; $116,306.81 in 1940; and $115,799.80 in 1941. This proceeding has been submitted under a stipulation of all of the facts, together with exhibits. Findings of Fact We adopt as our findings of fact the facts which have been stipulated. The material facts which it is necessary to set forth to give an understanding of the question presented are as follows: Colwood Company, the taxpayer's transferor, was a corporation organized and existing under the laws of the State of Michigan. Prior to 1931, this corporation owned and leased land in the city of Detroit upon which was located the building known as the Fox Theatre and Fox Theatre Office Building. This building was constructed for the use, occupation and management of the Fox Theatres Corporation which leased the property from Colwood Company for a period *220 extending from on or about June 1, 1928 to April 1, 1947. The fee and the leasehold interest owned by Colwood Company were mortgaged to secure an issue of First Mortgage Fee and Leasehold 6 percent Sinking Fund Gold Bonds in the amount of $6,193,600 with interest at the rate of 6 percent from April 1, 1931. That amount of bonds was outstanding. In 1931, Fox Theatres Corporation ceased all payments under its lease which resulted in the failure of Colwood Company to pay interest and sinking fund charges on the bonds on and after October 1, 1931. On October 27, 1931, Union Guardian Trust Company as trustee under the mortgage, declared the principal of all the outstanding bonds due and payable, and filed a petition in the Circuit Court of the County of Wayne, State of Michigan, in Chancery, to foreclose said mortgage, pursuant to which said Union Guardian Trust Company was appointed receiver of the mortgaged assets. On May 20, 1936 Colwood Company filed in the District Court of the United States for the eastern district of Michigan, southern division, a petition under section 77-B of the National Bankruptcy Act, as amended, for its reorganization. The said court entered an order *221 on May 25, 1936 approving the voluntary petition of Colwood Company and appointed temporary trustees. On January 23, 1939, the District Court of the United States for the eastern district of Michigan, southern division, approved a plan of reorganization. The plan provided as follows: (a) The transfer of the entire assets of Colwood Company to a new company. (b) The transfer by the new company of (1) 61,936 shares of preferred stock, no par, stated value $5 per share, $3 cumulative dividends after January 1, 1945, with voting rights and redemption and liquidation value of $100 per share, and (2) 61,936 shares of common stock, no par, stated value $5 per share, with voting rights - to holders of bonds aggregating $6,193,600 in exchange for their bonds and accrued but unpaid interest. This exchange was, therefore, to be on the basis of 10 shares of preferred and 10 shares of common stock for each bond of $1,000 together with all accumulated and unpaid interest. The petitioner, Woodmont Corporation, was organized and incorporated under the laws of the State of Michigan, on January 26, 1939. The petitioner, Woodmont Corporation, issued its preferred and common stock as outlined *222 above, and on January 30, 1939 acquired all the property of Colwood Company. The unadjusted basis of the property in question on January 23, 1939 and January 30, 1939, in the hands of Colwood Company, the transferor, was $7,966,842.96. Depreciation and amortization allowed or allowable up to January 30, 1939 was $1,353,350.41, making the adjusted basis, $6,613,492.55. The fair market value of the property on January 23, 1939, the date of the entry of the court's order confirming the plan of reorganization was $1,391,004.90. Opinion In this proceeding we are asked to redetermine petitioner's basis for depreciation. The facts are, briefly, that upon the confirmation of a plan of reorganization of Colwood Company by the District Court for the eastern district of Michigan, in a 77-B proceeding, the mortgaged property of Colwood, securing bondholders, was transferred to petitioner corporation, in exchange for which petitioner issued to bondholders 61,936 shares of preferred, no par, stock, and 61,936 shares of common stock. The holders of the outstanding bonds, in the principal amount of $6,193,600, received in exchange for $1,000 principal amount of bonds, and all accumulated *223 and unpaid interest thereon, 10 shares of preferred and 10 shares of common stock. Respondent does not argue that petitioner did not acquire the property in question in pursuance of a plan of reorganization, but he contends that the carry over basis of the property must be reduced to its fair market value on January 23, 1939, in accordance with section 270 of the Bankruptcy Act, as amended, the effective date of the amendment being September 22, 1938. Respondent contends that the bond indebtedness was cancelled in part by the exchange of stock for bonds, and that therefore, under section 270, the basis of the property in question is the fair market value of the property. Respondent argues that the instant case differs from Motor Mart Trust, 4 T.C. 931, because in that case the order of the court, confirming the plan of reorganization of the debtor, was entered before September 22, 1938, the effective date of the amendment to the original section 270 of the Bankruptcy Act; whereas, in this case the order of the court confirming the plan was entered on January 23, 1939, after the effective date. Petitioner contends that the question presented has already been passed *224 upon by the Tax Court, in its favor. In support of that contention petitioner cites Alcasar Hotel, Inc., 1 T.C. 872: Motor Mart Trust, supra. Recently, and since the filing of the briefs herein, in Tower Building Company, 6 T.C. 125, promulgated January 25, 1946, the same question which is presented here was considered. In the above case, we had the opportunity to again consider the question whether the exchange or substitution of stock for mortgage bonds in accordance with a plan approved in a 77-B proceeding amounted to a cancellation or reduction of indebtedness under section 270 of the Bankruptcy Act, as amended. We reviewed earlier decisions. We held, following Motor Mart Trust, supra, that such exchange of stock for mortgage bonds did not amount to cancellation or reduction of indebtedness. Tower Building Company, Motor Mart Trust, and Alcazar Hotel, Inc., supra, are controlling of the question presented in this case. As was said in Motor Mart Trust, supra, the substitution of stock for bonds in a reorganization proceeding did not bring about a cancellation of indebtedness within the rule of Kirby Lumber Co. v. United States, 284 U.S. 1. *225 The obligation owing to those who originally held bonds was continued in another form. It follows that no adjustment is to be made to petitioner's cost basis under section 113(b)(4) of the Code, and respondent's determinations in reducing the allowances for depreciation are reversed. This issue presented is decided in petitioner's favor, but recomputations of the deficiencies for the years 1939 and 1941 must be made. Decision will be entered under Rule 50.